**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-328C
(Filed: September 14, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FREDERICK BUNTIN,**

    Plaintiff,

    v.

**THE UNITED STATES,**

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

SEP 14 2015

U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

    This military pay case comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

    Plaintiff is currently serving a life sentence at the Tomoka Correctional Institution in Daytona Beach, Florida for several felony convictions. Id. at 1. Plaintiff filed suit in this Court on March 30, 2015, seeking back pay, bonuses, and release from prison. Pl.'s Notice 2.

    Plaintiff pro se Frederick Buntin enlisted in the United States Air Force on January 17, 1979. Compl. 1. Because he was under the age of 18 at the time of enlistment, Plaintiff's mother signed a consent form authorizing his enlistment. Id. Twenty-three days after enlistment, Plaintiff was discharged from the Air Force. Id. Plaintiff claims that he did not sign his exit papers at the time of discharge, has remained continuously enlisted in the Air Force since January 17, 1979, and is entitled to 36 years of back pay and the rank of either a six-star general or "a rank by the honest assessment nearing the highest in the United States Military." Id. at 2. Plaintiff also appears to allege civil rights claims, a habeas claim, a claim for unjust conviction, and a claim of false imprisonment. Def.'s Mot. to Dismiss 5.

## Discussion

Before the Court may proceed to the merits of any action, Plaintiff must first establish subject-matter jurisdiction. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 40 U.S. 519, 520 (1972) (per curiam). However, pro se plaintiffs still bear the burden of establishing this Court's jurisdiction, and must do so by a preponderance of the evidence. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The United States is immune from suit, save by consent. See United States v. Sherwood, 312 U.S. 584, 586 (1941). This waiver of immunity, which must be strictly construed, "cannot be implied but must be unequivocally expressed." Dep't of the Army v. Blue Fox, 525 U.S. 255, 261, (1999); United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort.

The Tucker Act is solely a jurisdictional statute, and a plaintiff must show that he or she is entitled to money damages from a separate source of substantive law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). The substantive right to money damages must be based in the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (internal citation and quotation marks omitted) ("[T]he claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.").

Although Plaintiff attempts to frame his claim as one for a breach of contract, Plaintiff's complaint should be read to invoke this Court's jurisdiction based on the Military Pay Act, 37 U.S.C. § 204, as he is seeking back pay due to an allegedly improper discharge. A soldier's entitlement to pay is statutory, not based in contract law. See Sonnenfeld v. United States, 62 Fed. Cl. 336, 338 (2004). The Military Pay Act grants this Court jurisdiction to hear claims brought by "military personnel claiming damages and ancillary relief for wrongful discharge." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (holding that jurisdiction is proper in wrongful discharge suits because "[i]f the discharge was wrongful the statutory right to pay continues.").

A claim brought under the Tucker Act must be filed within six years of the claim's first accrual. 28 U.S.C. § 2501 (2012). This is a jurisdictional requirement that cannot be waived. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354-55 (Fed. Cir. 2006). "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . ." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). In military pay cases, the time of accrual occurs at the time of discharge. Id. Because Plaintiff was discharged from the Air Force in 1979, his claim for back pay, filed in this Court in 2015, some 36 years after this claim had accrued, is time-barred.

Plaintiff also appears to allege a civil rights claim, a habeas claim, a claim of unjust conviction, and a claim for false imprisonment. See Def.'s Mot. to Dismiss 5. However, this Court does not have jurisdiction to hear claims brought under the Civil Rights Act, nor does it have the authority to entertain a habeas petition. Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002); Tasby v. United States, 91 Fed. Cl. 344, 347 (2010) ("This Court cannot grant a writ of habeas corpus."); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (holding that this Court "does not have jurisdiction to consider civil rights claims . . . because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts"). This Court also lacks jurisdiction over a claim of false imprisonment, as that claim sounds in tort. See Reid v. United States, 95 Fed. Cl. 243, 249 (2010).

Although this Court does possess jurisdiction to hear certain claims of unjust conviction by federal prisoners, Plaintiff is incarcerated in a state facility. This Court does not possess jurisdiction over claims of unjust conviction by state prisoners. See Trevino v. United States, 113 Fed. Cl. 204, 209 (2013).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
Judge